NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUCIANO RADICI, <br><br> Plaintiff, <br><br> v. <br><br> ICF MERCANTILE, LLC, ICF CONCRETE ADDITIVES, LLC, and DAVID RONNER, <br><br> Defendants. | Civil Action No. 14-7133 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

    This matter comes before the Court upon the motion filed by Defendants ICF Mercantile, LLC, ICF Concrete Additives, LLC, and David Ronner ("Ronner") (collectively, "Defendants") to dismiss Count II of the Amended Complaint and to dismiss the entire Amended Complaint as to Defendant Ronner. Plaintiff Luciano Radici ("Plaintiff" or "Radici") has opposed the motion. The Court has considered the papers filed by the parties, and, for the reasons expressed below, denies the motion.

**I. BACKGROUND**

    This action arises out of a failed business relationship between the parties. The following factual synopsis is based on the allegations of the Amended Complaint, which are assumed to be true for purposes of this motion only.

1

Radici is an Italian national residing in New York pursuant to a work visa.  Defendant Ronner, a New Jersey resident, is the sole member of ICF Mercantile and ICF Concrete Additives, both limited liability companies based in Fort Lee, New Jersey.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

In February 2013, Ronner approached Radici, whom he knew through dealings with Radici's family business, at an industry conference in Las Vegas to discuss Radici's interest in helping him expand the ICF business as a full equity partner in ICF Mercantile.  According to the Amended Complaint, Ronner "proposed that Plaintiff make a cash investment equal to one half the fair value of ICF Mercantile . . . in exchange for one-half ownership of the Company."  (Am. Compl., ¶ 14.)  In a letter dated March 22, 2013, Radici informed Ronner of his willingness to become Ronner's partner and expressed his ideas for the terms of the partnership.  Thereafter, ICF Mercantile applied for a visa for Radici so that he could relocate to the United States from Brazil as a non-immigrant employee.  Although that application was not granted, Radici and his family were able to enter the country under a visa he obtained for an inter-company transfer in connection with Radici's family business.  He moved to New York on August 1, 2013 and began working to develop ICF Mercantile's business.

Plaintiff alleges that he repeatedly approached Ronner to formalize their partnership and investment agreement.  He further alleges that, once Ronner put the terms in writing, they differed significantly from the conversation Radici and Ronner initially had regarding the percentage of ICF Mercantile Radici would own in return for his investment.  After months of discussion, Radici and Ronner met in February 2014 to attempt to resolve their dispute over partnership terms.  At the conclusion of this meeting, they reached an agreement.  According to Plaintiff, Ronner represented that Radici would be made a partner, and Radici in exchange

2

provided a $400,000 investment in ICF Mercantile.  It was contemplated that this money would be used by ICF Mercantile to acquire another business, Hipertex, as part of the plan to expand the ICF businesses into the concrete additives field.

The Amended Complaint alleges that Ronner refused thereafter to document this agreement and to recognize Plaintiff's ownership interest in ICF Mercantile.  It avers that "[e]ventually, Ronner admitted that he never intended to make Plaintiff a full partner in ICF Mercantile." (Am. Compl., ¶ 33.)  It further avers that Ronner has denied Radici's requests for the return of his $400,000 investment and has failed to compensate Radici for the work he performed for the ICF businesses without pay.

Based on these allegations, Plaintiff seeks relief under the following claims: breach of contract, fraud, promissory estoppel and unjust enrichment.  Defendants move to dismiss the fraud claim against all of them as well as the entire Amended Complaint against Defendant Ronner individually.

## II.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism by which a defendant may defeat a claim "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." Id. (citing Twombly, 550 U.S. at 556.)  Following Iqbal and Twombly, the Third Circuit has held that, to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  This showing must be made to comply with the basic pleading requirements of Federal Rule of Civil Procedure 8(a).  Id.

A claim sounding in fraud, such as the claim at issue in this motion to dismiss, is subject to a higher pleading standard set by Federal Rule of Civil Procedure 9(b).  The rule states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." As interpreted and applied by the Third Circuit, Rule 9(b) requires "plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story." In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir.1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990)); see also Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (holding that Rule 9(b) requires a party alleging fraud to state the circumstances of the alleged fraud "with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged." (internal quotation omitted)). Rule 9(b)'s requirements are relaxed in instances where the factual information required to satisfy the rule is solely within the knowledge of the defendant. See In re Rockefeller Ctr. Props. Sec. Litig., 311 F.3d 198, 216 (3d Cir.2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir.1997)).

On a motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and then determine whether a reasonable inference may be drawn that the defendant is liable for the alleged misconduct." Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 74 (3d Cir. 2011). However, it need not

accept a "legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

### B. Fraud Claim

The Amended Complaint alleges that Defendants' representations that Radici would be made a full partner in the ICF business were false, as "they had no intention of transferring a one-half business ownership interest in the business to Plaintiff." (Am. Compl., ¶ 43.) Plaintiff claims that Ronner made these representations so that Plaintiff would invest $400,000 in ICF Mercantile, dedicate substantial time and effort to the development of the business and forego collection of a salary for his work. Defendants argue that the economic loss doctrine bars Plaintiff's fraud claim because the claim merely recasts Plaintiff's breach of contract claim, which is also based on Defendants' failure to honor the partnership agreement Plaintiff alleges was formed in February 2014. Alternatively, Defendants argue that the fraud claim must be dismissed for failure to allege a past or present misrepresentation of fact and for failure to meet the heightened pleading requirement of Rule 9(b).

The Court finds that that Plaintiff has adequately pled a fraud claim. The economic loss doctrine holds that a plaintiff may not use a tort theory of relief to recover economic losses to which the plaintiff's entitlement flows only from a contract. Duquesne Light Co. v. Westinghouse Elec. Co., 66 F.3d 604, 618 (3d Cir. 1995); Alloway v Gen. Marine Indus., L.P., 149 N.J. 620 627 (1997). The doctrine is unavailing to Defendants because Radici's fraud claim seeks relief for misconduct distinct from Defendants' alleged failure to carry out the terms of

their agreement. Rather, it alleges that Defendants misrepresented their intent to make Radici a full partner so that Radici would agree to invest money in ICF Mercantile and work for the company—essentially, so that he would enter into the February 2014 contract which promised partnership in exchange for Radici's investment and efforts to expand the ICF business. Plaintiff alleges that Defendants induced him to enter into the contract through their fraudulent representations about their intent, and such a fraud in the inducement claim can proceed alongside a breach of contract claim. RNC Sys. Inc. v. Modern Tech. Grp., Inc., 861 F. Supp. 2d 436, 451 (D.N.J. 2012).

New Jersey courts, and the courts of this District, recognize a distinction between a misrepresentation made by the promisor at the time of contracting, which induces the promisee to enter into the contract, and the promisor's subsequent failure to perform in accordance with the parties' contract. See Bracco Diagnostics, Inc. v. Bergen Brunswig Durg Co., 226 F. Supp. 2d 557, 563 (D.N.J. 2002); see also 7-Eleven, Inc. v. Maia Inv. Co., Inc., No. 14-8006 (JBS), 2015 WL 1802512, at *5 (D.N.J. Apr. 17, 2015) ("Although the New Jersey Supreme Court has yet to resolve the question, courts in this District consistently distinguish between fraud in the inducement and fraud in the performance of a contract."). If the fraud alleged concerns a defendant's failure to fulfill its obligations as promised in the contract, then the economic loss doctrine bars the plaintiff from pursuing a tort claim in addition to his breach of contract claim. See Lithuanian Commerce Corp. v. Sara Lee Hosiery, 219 F. Supp. 2d 600, 607 (D.N.J. 2002). Where, however, the fraud alleged is extrinsic to the parties' contract, a plaintiff will not be barred from pursuing simultaneous tort and contract claims. Id.; Bracco Diagnostics, 226 F. Supp. 2d 562; see also 7-Eleven, 2015 WL 1802512, at *5. As the Court has noted, Radici's fraud allegations do not concern the performance of the February 2014 agreement but rather

misrepresentations allegedly made by Defendants to induce Radici to contribute time, effort and money to the ICF business.

Having found that Count II of the Amended Complaint sounds as a fraud in the inducement claim, and is therefore not barred by the economic loss doctrine, the Court turns to Defendants' alternative arguments that the claim must be dismissed as insufficiently pled. To assert an actionable fraud in the inducement claim, a plaintiff must plead the following elements: "(1) a material representation of a presently existing or past fact; (2) made with knowledge of its falsity; and (3) with the intention that the other party rely thereon; (4) resulting in reliance by that party; (5) to his detriment." RNC Sys., 861 F. Supp. 2d at 451. Defendants challenge the first element, but the Amended Complaint alleges that Defendants, and Ronner specifically, had no intention of transferring half the ownership of ICF Mercantile to Radici at the time Ronner allegedly told Radici he would be made a full partner in the company. As alleged, Defendants' promise is not merely one of future performance that goes unfulfilled. Cf. Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1186 (3d Cir. 1993) ("In order to be the basis for an action for fraud . . . the alleged misrepresentation cannot be predicated simply upon a promise to perform that subsequently is unfulfilled."). Instead, Radici alleges Ronner knew his statement of intention to be false when made, and therefore, the allegation sets forth a misstatement of present fact. Id. (holding that a fraud claim may be established by showing "that at the time the promise to perform was made, the promisor did not intend to fulfill the promise.")

Moreover, the allegations of fraud are sufficiently precise to meet Rule 9(b)'s standard. The Amended Complaint identifies the individual who made the allegedly fraudulent statements, the specific representations at issue—notably the promise to make Radici a full partner in return for his investment in ICF Mercantile and his work in expanding the business—and the time and

place of the alleged misconduct.  Though Defendants argue that it is not possible to determine how or when Ronner allegedly developed the intention not to make Radici a full partner and/or whether that alleged promise was even made, these arguments go to Plaintiff's ability to prove his allegations.  At this point in the proceedings, the Court does not evaluate the viability of the claim based on evidentiary support, or lack thereof.  Assuming the facts alleged to be true, the Court finds that the fraud claim survives this motion to dismiss as to Defendant Ronner.  It also survives as to Defendants ICF Mercantile and ICF Concrete Additives in light of Plaintiff's allegation that Ronner is the principal of both limited liability companies.

**C. Contract-Related Claims Against Ronner**

Finally, Defendants have also argued that if the Court dismisses the fraud claim against Ronner, it must dismiss the remaining claims against him.  They maintain that because the other claims relate to the alleged contract between Radici and ICF Mercantile, Plaintiff can only pursue Ronner for individual liability if he pleads sufficient facts to pierce the corporate veil.  However, the Court need not reach veil-piercing issues to determine whether the contract and quasi-contract claims against Ronner are pled in accordance with Rule 8(a).  The Amended Complaint alleges that Ronner himself was engaged in negotiations concerning the partnership and investment agreement, met personally with Radici in February 2014 and orally agreed on the terms of the contract at issue at that meeting.  In particular, Plaintiff alleges that Ronner, the sole member of both ICF businesses named as Defendants, agreed to transfer one-half ownership of the company to Radici and that he did not carry out this commitment.  The Court must, on this

motion, assume the truth of these factual allegations. The Amended Complaint sets forth sufficient allegations to state that Ronner himself was a party to the contract and breached it. Therefore, the claims for breach of contract, promissory estoppel and unjust enrichment also survive as to Ronner.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion to dismiss. An appropriate Order will be filed.

        s/Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge

Dated: May 6, 2015